UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ETONIA RAJ and ROBERT MATTESON

                              Plaintiffs,
v.                                                                      Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiffs, Etonia Raj, and Robert Matteson, are natural persons residing in the County of Chautauqua and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, NCO Financial Systems, Inc., is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff, Etonia Raj, alleged incurred a debt which is unknown to Plaintiff. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed to collect on the subject debt.

13. That in or about May of 2012, Defendant began calling Plaintiffs multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That during the first of these aforementioned calls, Plaintiff Robert Matteson informed Defendant that Plaintiff, Etonia Raj, did not reside with her and to cease and desist from any further calls.

15. That during these aforementioned phone calls, Defendant disclosed Plaintiff, Etonia Raj's debt to Plaintiff Robert Matteson.

16. That Defendant continued to call Plaintiff Robert Matteson despite being instructed not to.

17. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated and 15 U.S.C. §1692b(2) by disclosing Plaintiff Etonia Raj's debt to Plaintiff Robert Matteson.

    B. Defendant violated 15 U.S.C. §1692b(1) by contacting Plaintiff Robert Matteson not with the purpose of confirming or correcting location information for Plaintiff Etonia Raj and by contacting him on more than one occasion after being instructed to stop calling.

    C. Defendant violated 15 U.S.C. §1692b(3) by contacting Plaintiff Robert Matteson on more than one occasion after being instructed to stop calling.

    D. Defendant violated 15 U.S.C. §1692d(5) by calling Plaintiff Etonia Raj an excessive number of times in an attempt to collect the subject debt.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 29, 2013

        /s/ Seth J. Andrews_____
        Seth J. Andrews, Esq.
        Kenneth R. Hiller, Esq.
        Law Offices of Kenneth Hiller, PLLC
        *Attorneys for the Plaintiffs*
        6000 North Bailey Ave., Suite 1A
        Amherst, NY 14226
        (716) 564-3288
        Email: sandrews@kennethhiller.com
            khiller@kennethhiller.com